UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 21, 2013

LETTER TO COUNSEL:

      RE:    *Paul D. Atwood v. Commissioner, Social Security Administration*;
                Civil No. SAG-11-1742

Dear Counsel:

      On June 23, 2011, the Plaintiff, Paul D. Atwood, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Mr. Atwood's reply, which did not provide any new arguments or information. [ECF Nos. 29, 31, 32]. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Mr. Atwood filed his claim for benefits on October 6, 2005, alleging disability beginning on December 11, 2001.[1] (Tr. 79-81). His claim was denied initially on January 13, 2006, and on reconsideration on May 17, 2006. (Tr. 55-57, 60-61). A hearing was held before an Administrative Law Judge ("ALJ") on August 10, 2007, (Tr. 299-348), and subsequently the ALJ determined that Mr. Atwood was not disabled during the relevant time frame. (Tr. 32-42). Following Mr. Atwood's appeal, this Court remanded the case to the ALJ on June 15, 2009. (Tr. 481-82). Mr. Atwood appeared before the same ALJ for a second time on January 26, 2010. (Tr. 709-79). The ALJ again denied Mr. Atwood's claim on March 26, 2010. (Tr. 450-72). Because the Appeals Council denied Mr. Atwood's request for review (Tr. 349-52), the ALJ's 2010 decision constitutes the final, reviewable decision of the agency.

      The ALJ found that, during the time period between his alleged onset date and his date last insured of June 30, 2004, Mr. Atwood suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, arthritis in multiple joints, carpal tunnel syndrome, obesity, depression, and anxiety. (Tr. 457). Despite these impairments, the ALJ determined that Mr. Atwood retained the RFC to:

---

[1] Mr. Atwood simultaneously filed a claim for Supplemental Security Income, but was denied on a technical basis because he did not meet the income requirements. (Tr. 78).

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he could sit, stand and walk for 2 hours consistently on an alternate basis for 8 hours a day, 5 days a week; would require jobs that can be performed with one arm; would need to avoid ladders, ropes and scaffolds, dangerous machinery and heights and temperature and humidity extremes; would be limited to simple, routine, unskilled jobs that are low memory, low concentration, svp 2 jobs and would require jobs involving little interaction with people.

(Tr. 465). After considering the testimony of a VE, the ALJ determined that Mr. Atwood could perform work existing in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 471-72).

Mr. Atwood presents myriad arguments on appeal, including that the ALJ erred in evaluating several Listings, improperly weighed opinion evidence, failed to consider his impairments in combination, abused his discretion, and failed to comply with the remand order. Each argument lacks merit.

First, Mr. Atwood alleges that the ALJ erred in considering Listing 12.05C (mental retardation). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). Essentially, Mr. Atwood has established, and the Commissioner has conceded, that he meets two of the criteria of Listing 12.05C: the valid IQ of 60 through 70 and the "physical or other mental impairment imposing an additional and significant work-related limitation of function." (Tr. 464). However, as the ALJ found, Mr. Atwood has not established that he meets the introductory paragraph requirement of deficits in adaptive functioning manifesting during the developmental period. *Id.* Mr. Atwood correctly notes that he need not have had a formal IQ test prior to age 22 to warrant a finding of earlier deficits in adaptive functioning. Pl. Mot. 9. The ALJ, however, cited to substantial evidence to support his determination that Mr. Atwood suffered no such deficits. Specifically, the ALJ noted Mr. Atwood's ability to communicate his needs, take care of himself, do some household chores, manage a business, build decks and rails, avail himself of community resources, work in skilled and semi-skilled professions, and fill out the forms to support his disability application in a logical fashion. (Tr. 464-65). In addition, the case cited by Mr. Atwood, *Turner v. Bowen,* 856 F.2d 695 (4th Cir. 1988), is readily distinguishable given Mr. Atwood's ability to read and write and his comparative lack of formal schooling, which indicate a higher level of adaptive functioning than displayed by the claimant in the *Turner* case. In light of the evidence cited by the ALJ to support the determination that Mr. Atwood does not fulfill the introductory paragraph, remand is inappropriate.

Second, Mr. Atwood argues that the ALJ failed to explain why he did not meet the

criteria for two additional Listings, 1.02 and 1.04.[2] Pl. Mot. 12-15. Specifically, Mr. Atwood suggests that the ALJ should have placed greater weight on the opinion of Dr. Drapkin, a consultative examining orthopedic surgeon. That opinion, (Tr. 618-22), which addresses a dispositive issue reserved to the Commissioner, is contained in a "check the box" form filled out at the time of the consultative examination in 2009.[3] The form suggests that Mr. Atwood's impairments met various listings as early as 1994, when he continued substantial gainful employment for many years after that date. (Tr. 618). Mr. Atwood correctly notes that the ALJ erred in finding that Dr. Drapkin had not reviewed his prior medical records, as Dr. Drapkin's contemporaneous independent medical evaluation ("IME") notes indicate that he had in fact reviewed the historical records and imaging reports. (Tr. 612-15). However, his conclusion in his IME report was that "at this point in time[,]" i.e. October 28, 2009, Mr. Atwood's orthopedic condition rendered him unable to work. (Tr. 615). That conclusion does not assist Mr. Atwood in establishing that his condition met Listings 1.02 or 1.04 prior to his date last insured of June 30, 2004. As the ALJ noted, the medical evidence of record during the relevant time period does not establish that Mr. Atwood had either the requisite neurological findings to meet listing 1.04, or the inability to ambulate effectively or the inability to perform fine or gross movements effectively as required to meet listing 1.02. (Tr. 461). Mr. Atwood has not cited to any medical evidence, other than the conclusory opinions from "check the box" forms, to establish that the Listings were met. Remand is therefore unwarranted.

Relying exclusively on the arguments made by his prior attorney in front of the Appeals Council, Mr. Atwood contends that the ALJ improperly weighed the medical opinion evidence. However, my review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). I am not permitted to reweigh the evidence or to substitute my own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Other than Dr. Zimmerman, all of the opinion evidence came from consultative examiners who evaluated Mr. Atwood on a single occasion. (Tr. 458, Drs. Rosenbaum,

---

[2] Listing 1.02 governs major dysfunction of a joint (due to any cause) and requires gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion, and findings on appropriate medically acceptable imaging of abnormalities in the joint. In addition, Listing 1.02 requires either (1) involvement of a major peripheral weight bearing joint resulting in inability to ambulate effectively, (2) or involvement of one major peripheral joint in each upper extremity, resulting in inability to perform fine and gross movements effectively. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02. Listing 1.04 outlines criteria for a severe spinal impairment that results in compromise of a nerve root or the spinal cord, and is accompanied by at least one of three symptoms substantiated by diagnostic tests or imaging. *Id.* § 1.04.

[3] Treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). Issues reserved to the Commissioner—such as whether a claimant's impairments meet a particular listing—are administrative findings that are dispositive of a case. *See* SSR 96–5p, 1996 WL 374183, at *2.

Manubay, Simon); (Tr. 459-60, Drs. Ansel, Moldauer, Drapkin). The ALJ provided specific reasons for his assignment of weight to each consultative examiner's opinion in his extensive, five-page RFC analysis. (Tr. 465-70). With respect to Dr. Zimmerman's opinion, a treating physician's opinion merits controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) it is not inconsistent with other substantial evidence in the record. See 20 C.F.R. § 404.1527(c) (2); *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996) (refined by 20 C.F.R. § 416.927(d)(2) (1999)). Dr. Zimmerman's opinions consisted essentially of "check the box" forms suggesting that Mr. Atwood met various physical and mental listings, and a letter listing the diagnoses and conclusorily stating that the impairments prevent employment. (Tr. 277-80, 293). In fact, as the ALJ noted, Dr. Zimmerman's treatment notes from the relevant time period do not establish disabling physical or mental impairments, and certainly do not establish each of the criteria in the listings. (Tr. 227-41). Without reweighing the medical evidence in the case, then, which is impermissible, I cannot find that the ALJ erred.

In another example of mere incorporation of arguments his prior counsel made before the Appeals Council, Mr. Atwood argues that the ALJ failed to properly consider the combination of his impairments. Pl. Mot. 16 (relying on Tr. 381-84). In fact, the ALJ expressly considered the combined effects of Mr. Atwood's impairments in formulating his RFC, and specifically found more restrictive limitations than those indicated by State Agency consultants because they had failed to consider Mr. Atwood's impairments in combination. (Tr. 468). The ALJ also explicitly considered Mr. Atwood's obesity, and found it a severe impairment during the relevant time period. (Tr. 461). Mr. Atwood has not cited any functional limitations caused by his obesity that the ALJ failed to consider. The arguments made by his prior counsel are therefore deficient.

Next, again relying solely on arguments unsuccessfully advanced by his prior attorney to the Appeals Council, Mr. Atwood contends that the ALJ abused his discretion. Prior counsel raised a series of unpersuasive arguments, including the contention that some of his administrative difficulties in dealing with the Administrative Law Judge's office demonstrated abuse of discretion. However, my review is limited to determining whether the ALJ afforded Mr. Atwood a full and fair hearing of his claim, and issued a decision supported by substantial evidence. Inconvenience encountered by counsel is not a reason for remand, absent some evidence of a deficiency in the adjudication of the case. Mr. Atwood's prior counsel next argued that the ALJ failed to investigate a "missing page" in Dr. Moldauer's Activities of Daily Living Report. Mr. Atwood's prior counsel believed a page had been omitted because the page enumerations had originally stated "page 1 of 3" and "page 2 of 3" before being changed to "page 1 of 2" and "page 2 of 2." Dr. Moldauer's report appeared on a standard DDS-36 form. That form is three pages long, and all three pages appear in Mr. Atwood's file. (Tr. 606-08). However, the first page, (Tr. 606), is not numbered, probably because the pagination, which typically appears at the bottom of a page, was pushed to the top of the following page. No information is missing from Dr. Moldauer's report. Finally, Mr. Atwood's prior counsel argued that the ALJ abused his discretion by citing to the *Diagnostic and Statistical Manual of Mental Disorders* ("DSM-IV"). Mr. Atwood correctly notes that HALLEX, the Social Security

Administration's Hearings, Appeals, and Litigation Law Manual, cautions an ALJ not to "cite medical texts and medical publications as the authority for resolving any issue." HALLEX I-2-8-25 (2005). The ALJ did not violate that principle in Mr. Atwood's case. Instead, the ALJ cited the DSM-IV simply to define a phrase, (Tr. 464), and to explain the value of a GAF score in assigning weight to the opinion of one of many medical sources, (Tr. 469). The ALJ did not use the DSM-IV to resolve any issue in Mr. Atwood's case.

Finally, Mr. Atwood argues that the ALJ failed to adhere to the remand order issued by the AC. Pl. Mot. 17-18. His argument is without merit. The AC remand order stated that the ALJ should "consider evidence contained in a prior case file and determine if reopening is warranted." (Tr. 481). The ALJ did so. (Tr. 453-55). I find no error in the ALJ's application of the rules of reopening. Moreover, the AC declined review of the ALJ's 2010 decision, and expressly found, with respect to the reopening issue, that "the ALJ's decision complies with the remand order." (Tr. 350).

For the reasons set forth herein, Plaintiff's motion for summary judgment [ECF No. 29] will be DENIED and the Commissioner's motion for summary judgment [ECF No. 31] will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge